McCORMICK MOTOR CAR CO. *v.* UNITED STATES RUBBER CO.

(Division B. May 9, 1932. Suggestion of Error Overruled June 16, 1932.)

[141 So. 595. No. 30000.]

E. C. Fishel, of Richton, for appellant.

Stevens & Heidelberg and **M. M. Roberts,** all of Hatties-
burg, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The United States Rubber Company filed its declaration upon an itemized and duly sworn to account. The defendant filed a counter affidavit denying every item of the account, headed by the style of the case, but which was made by McCormick as though he was individually sued. In other words, it specified that the affiant, McCormick, did not owe the debt or any part thereof, rather than that the McCormick Motor Car Company did not owe the debt, etc., which affidavit reads as follows: "Personally appeared before me, the undersigned authority in and for said County and State, S. F. McCormick, who after being by me first duly sworn, on his oath says: That he does not owe any one of the items in the sworn itemized account attached to the declaration; that each and every item thereof is not due and owing by this affiant, and that therein each and every item is incorrect," and was signed by S. F. McCormick, and sworn to, etc.

No point was made in the court below as to the sufficiency of this affidavit, and the trial proceeded upon the issues as though the affidavit was proper.

On the trial of the cause, the plaintiff introduced S. F. McCormick, the president of the McCormick Motor Car Company and manager of its business, and by him proved that the amount sued for was correct and owing, unless he was entitled to have certain oil sold to the plaintiff, United States Rubber Company, by him applied on the debt, which, if done, would reduce the plaintiff's demand from nine hundred six dollars to one dollar and forty-five cents. The plaintiff denied that it had purchased such oil, and that there was any agreement to accept it, contending that the negotiations were pending in reference thereto, and, before being consummated, that the defendant, McCormick, hired a truck and had the oil in question transported to New Orleans for delivery to the plaintiffs; that the oil was there stored for the account

of McCormick Motor Car Company, and that said company was notified that this had been done and that the plaintiff, United States Rubber Company, would not accept the oil.

The plaintiff, United States Rubber Company, offered witnesses to prove that its account was correct, but it was developed that these witnesses had not kept the books, and that the account was made up from the books and furnished them by other persons not witnesses, and that they were unable to say, from their own knowledge, that the account was correct.

The appellant, McCormick Motor Car Company, insists that it was error for the court to submit to the jury proof as to the correctness of the account, because the books, themselves, were not introduced, and because the persons who kept the books were not introduced to testify that they were correct. The appellee contends here that the affidavit of McCormick, in the form it was made, did not amount to a denial of the correctness of the account, and that the plaintiff, United States Rubber Company, was not required to put on any proof in reference thereto.

We think the testimony of S. F. McCormick establishes the correctness of the account. He admits that it is correct, unless he is entitled to a credit for thirty-five drums of oil which he claims to have sold to the United States Rubber Company, the plaintiff, at forty-seven cents per gallon, which should be allowed in payment.

We think the proof upon the proposition as to whether there was an agreement between the United States Rubber Company and the McCormick Motor Car Company was such that the jury's verdict must be upheld. The greater number of witnesses upon the proposition showed that the sale was not made, and we are of opinion that the jury was warranted in so finding from the evidence in the record.

We have examined the instructions complained of and assigned for error, and think they announce correct prin-

ciples and were applicable to the evidence in the cause, and that there was no error in giving them.

It is complained that certain correspondence introduced in evidence passing between the credit manager of the plaintiff, the United States Rubber Company, and the McCormick Motor Car Company, was wrongfully admitted and constituted self-serving declarations on the part of the plaintiff, the United States Rubber Company. We think the letters were properly identified, and that McCormick, as an adverse witness for the plaintiff, admitted receipt of the letters and the correctness of the correspondence, and that it was relevant to the issue as to whether there was a sale or not, and were properly admitted.

We find no reversible error, and the judgment of the court below is affirmed.

Affirmed.